The Honorable Steve Higginbothom State Senator Post Office Box 242 Marianna, AR 72360
Dear Senator Higginbothom:
I am writing in response to your request for an opinion on the following question:
 Can a city council by resolution appropriate additional monies of over $430,000 to a project that was originally funded by ordinance?
RESPONSE
It is my opinion that the answer to this question is "yes" unless the council is amending the original ordinance when it appropriates the additional funds. In that case, it is my opinion that the additional monies must be appropriated by ordinance. There is no per se rule in this regard. Rather, this will require reviewing and possibly interpreting both measures, taking into account the particular surrounding circumstances. Such an undertaking is outside the ordinary scope of an opinion from this office. While I consequently cannot definitively respond to your question, I will address the generally applicable law in an effort to guide the factual analysis.
With regard, first, to the appropriation of city funds, it seems clear as a general matter that a city council may take such action by resolution. Arkansas Code Annotated § 14-55-204 states:
 All bylaws, ordinances, resolutions, or orders for the appropriation of money shall require for their passage or adoption the concurrence of a majority of the aldermen of any municipal corporation.
A.C.A. § 14-55-204 (Repl. 1998) (emphasis added).
It is also well settled, however, as a general proposition, that an ordinance cannot be repealed, amended, or suspended by a resolution. Seegenerally Meyer v. Seifert, 216 Ark. 293, 295, 225 S.W.2d 4 (1949) (explaining and providing examples of the general rule that "[t]he law can be changed or set aside only by a new enactment having the same or greater quality and dignity.")
With regard to your particular question, therefore, the probable issue is whether the city council's action in appropriating additional funds to the project in fact amends, i.e., changes the ordinance that originally funded the project. The city council clearly has general authority over the city's fiscal affairs. See A.C.A. § 14-43-502(b)(1) (Supp. 2003) (investing a city council with "management and control of finances.") This authority, and the council's general power of appropriation (see
A.C.A. §§ 14-55-204 and 14-58-203) provide a sufficient basis, in my opinion, for the council to commit additional funds to a project. And as noted, monies generally may be appropriated by resolution. Depending upon the specific circumstances, however, I believe it is possible that an ordinance could be required. If, for instance, the original ordinance specified a certain amount for the project and the intent was to limit it to that amount, then the additional appropriation would likely constitute an amendment that requires an ordinance. Other factors may evidence the need for an ordinance rather than a resolution in this instance, but I cannot speculate further in this regard. This would entail analyzing the council's action in light of the original ordinance, and may require interpreting that ordinance to ascertain the original intent. As I and my predecessors have noted on many occasions, this office is not well situated to decide factual issues or construe local ordinances. See,e.g. Op. Att'y. Gen. Nos. 2004-181; 2004-173; 2003-063; 2002-333; 2002-306; 2000-199; 99-287; 98-298; 97-071; 97-038. As stated in Opinion2003-063:
 [T]he interpretation of local ordinances is a matter outside the domain of the Attorney General. The interpretation of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the legality of the specific ordinance that is the subject of your questions therefore must ultimately be handled locally, through the interested parties and their counsel, or through a medium that can consider local factual matters, such as a court.
In conclusion, therefore, it is my opinion that a resolution will suffice to appropriate the additional monies in this instance unless the city council is thereby amending the ordinance that approved and funded the project. Under those circumstances, an ordinance would be required. This matter is appropriately within the purview of local counsel, and ultimately the judicial branch if resort to the courts is necessary to analyze the council's actions and resolve this issue involving the proper interpretation of the original ordinance and the subsequent appropriation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh